

**Entered on Docket**
**September 14, 2017**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes
the order of the court. Signed September 14, 2017

_____
Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

Joe M. Teixeira,

                Debtor(s).

Case No. 17-51194 SLJ
Chapter 7

Date: September 13, 2017
Time: 3:00 p.m.
Ctrm: 3099

## ORDER DISAPPROVING REAFFIRMATION AGREEMENT

This matter having been duly noticed and called for hearing at the above-referenced date and time, for reasons orally stated on the record, good cause appearing, the reaffirmation agreement between the Debtor and Santander Consumer USA("Creditor") is DISAPPROVED.

Nevertheless, Debtor here indicated a willingness to enter into a reaffirmation agreement with Creditor, and this case is thus distinguishable from *In re Dumont*, 581 F.3d 1004 (9th Cir. 2009), where the debtor expressly elected not to reaffirm the debt and simply indicated an intent to retain the collateral while making monthly payments.[1]  If the Creditor chooses to repossess the collateral despite Debtor's willingness to enter the reaffirmation agreement and his timely performance of the payment obligations on the underlying debt, Debtor may ask the court for injunctive or other relief.

IT IS SO ORDERED.

                              \* \* \* END OF ORDER \* \* \*

---

[1]  In 2005, Congress amended 11 U.S.C. §§ 521(a)(2) and (6), as well as § 362(h), to provide that the automatic stay is lifted if an individual chapter 7 debtor does not indicate an intention to surrender or redeem collateral or reaffirm the debt.  Chapter 7 individual debtors cannot simply opt to "pay and drive." *Dumont*, 581 F.3d at 1104.

1

**COURT SERVICE LIST**

Electronically mailed to ECF registered participants.